UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-02792 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| STATE NATIONAL INSURANCE COMPANY, INC., and NEXT INSURANCE, INC., | ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cincinnati Insurance Company ("CIC"), commercial insurer for Delta Real Estate Investments ("Delta"), brings this suit for a declaratory judgment that Defendants, State National Insurance Company ("State") and Next Insurance Company ("Next") (collectively, "Defendants") have a duty to contribute to Delta's defense and indemnification in an underlying personal injury lawsuit. Before the Court today are cross-motions for summary judgment from Plaintiff and Defendants. As explained below, Plaintiff's motion [20] is denied in full and Defendants' motion [22] is granted and denied in part.

**Background**

Plaintiff CIC and Defendants State and Next are all insurance companies. Delta Real Estate Investments ("Delta") was involved in a construction project at 5153 West Warwick Street, Chicago, IL. Delta hired Amit Weinberg as a contractor for the project. In 2020, Michael Figueroa, one of Weinberg's workers, sued Delta and Amit Weinberg in state court for personal injuries he alleged to have sustained on September 23, 2019 during construction at the Warwick project. Figueroa had fallen off a ladder and injured himself. That underlying suit is currently pending.

1

CIC provides Delta with commercial general liability insurance is currently defending and indemnifying Delta in the underlying suit. State and Next are currently defending and indemnifying Weinberg in the underlying suit. On April 4, 2019, Weinberg and State and Next entered a contract governing a commercial insurance policy (the "Policy") between Weinberg and Defendants. The Policy's declaration page (the "Declaration") lists as the insured:

> Amit Weinberg
> Amit Weinberg / Delta real estate investments
> 1447 N Washtenaw Ave Apt 3
> Chicago, IL 60622

(Dkt. 21-2, at Defendants_000019.) The Declaration also contains a box reading "Description of Business": a box is checked that the insured is an "Individual / Sole Proprietor" and an additional field lists that the "Business of the Insured" is "Carpentry." (*Id.*)

Section II.1 of the Policy, which governs who is directly insured under the agreement (a "Named Insured")[1], reads, in full:

> SECTION II - WHO IS AN INSURED
> 1. If you are designated in the Declarations as:
> > a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
> > b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
> > c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
> > d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

---

[1] The Policy contains additional sections governing who is an "Additional Insured."

         e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

(Dkt. 21-2, at Defendants_000030).

**Legal Standard**

"The interpretation of an insurance contract is a legal issue that may be decided on a motion for summary judgment." *American Bankers Insurance Company of Florida v. Shockley*, 3 F.4th 322, 327 (7th Cir. 2021). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**Discussion**

CIC brings this suit seeking a declaratory judgment that State and Next have a duty to defend and indemnify Delta in the underlying Figueroa suit. Before the Court today are cross-motions for summary judgment. Plaintiff seeks a finding that Delta is a Named Insured under the Policy between Weinberg and Defendants. Defendants seek dismissal of the case, arguing that Delta is not insured at all under the Contract.

"The primary objective in construing a contract is to give effect to the intent of the parties." *Gallagher v. Lenart*, 226 Ill. 2d 208, 232 874 N.E.2d 43 (Ill. 2007) (citation omitted). Courts initially look only to the language of the contract, as "the language, given its plain and ordinary meaning, is the best indication of the parties intent." *Id.* at 233.

As an initial matter, the Court must determine whether to admit Weinberg's insurance application as evidence in assessing these cross-motions for summary judgment. Plaintiff asserts the Court should not admit the application under Illinois' parol evidence rule. Courts may consider extrinsic evidence, such as Weinberg's insurance application "to ascertain the parties' intent" only when "the language of the contract is susceptible to more than one meaning" and is therefore ambiguous. *Id.* at 233. The Court finds the name of the insured in the Declaration, "Amit Weinberg | Amit Weinberg / Delta real estate investments," somewhat ambiguous.[2] At first glance, it is at the very least a result of inartful drafting, as it is unclear whether the second line is the name of a second insured entity or merely a descriptor of the first line. Given the apparent ambiguity, the Court looks to Weinberg's application to help determine the parties' intent.

Indeed, Weinberg's application is instructive in determining the precise meaning of "Amit Weinberg / Delta real estate investments." The application makes it clear that Weinberg, in applying for an insurance policy, meant to attain coverage only for one entity. In the "About You" section, Weinberg entered his first and last name. In response to a field that reads "Your business name (will appear on policy)," he entered: "Amit Weinberg / Delta real estate investments." (Dkt 21-4, at 7). At the very least, the application definitively answers whether the two lines on the policy declaration were meant to refer to one or two entities. Weinberg applied for insurance coverage for himself and

---

[2] The existence of ambiguity here is a close call but the ultimate determination is not. To the extent the contract is unambiguous, it is unambiguous in Defendants' favor because it clearly states that Delta is not a Named Insured in the policy. Still, because of the degree of ambiguity, the Court errs on the side of including additional information in its analysis.

4

intended "Amit Weinberg / Delta real estate investments" to be the name of his business, not a second insured entity. The application also contains further information about Weinberg's business, noting that he performs 90% carpentry work and 10% flooring work, and that his expected annual revenue is approximately $120,000. (*Id.* at 8.)

On the overall question of contract interpretation, courts are instructed to discern the intent of the parties through looking at the contract as a whole, not "from any clause or provision standing by itself." *Gallagher v. Lenart*, 226 Ill. 2d at 233. In insurance disputes, courts should consider "'the type of insurance for which the parties have contracted, the risks undertaken and purchased, the subject matter that is insured and the purposes of the entire contract." *See Ohio Security Ins. Co. v. Truck Tire Sales, Inc.*, 425 F.Supp.3d 982, 991 (N.D. Ill. 2019) (Pallmeyer, J.) (citing *Crum & Forster Managers Corp. v. Resol. Tr. Corp.,* 156 Ill. 2d 384, 620 N.E.2d 1073, 1078 (Ill. 1993)). Even taking into account Weinberg's insurance application, it is not immediately clear from the Declaration if Delta is intended to be a Named Insured. But taking into account the application as well as other relevant provisions of the contract, it becomes clear that Delta is not a Named Insured. *See Ohio Security Ins.*, 425 F.Supp.3d at 992 (explaining that "a policy's declaration page cannot be interpreted in isolation.")

First, as the insurance application illuminates, Weinberg applied for insurance coverage for himself and for his business, "Amit Weinberg / Delta real estate investments." Second, Weinberg's insurance policy was for an "Individual / Sole Proprietor." Third, per § II.1(a) of the contract, when the insurance policy is for an individual, "you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner." No matter what Weinberg entered as the name of his business, the Policy's terms make clear that coverage only extends to businesses of which he is the sole owner. And it is undisputed that Weinberg is not the sole owner of Delta. (Dkt. 21, ¶ 21.)

5

The fact that the Policy lists "Carpentry" as the "Business of the Insured" further underlies that the policy meant to cover Weinberg alone. It is true that courts in this district have found that business descriptions contained in insurance policies do not limit coverage. *See Philadelphia Indem. Ins. Co. v. 1801 W. Irving Park, LLC*, No. 11 C 1710, 2012 WL 3482260 at *3 (N.D. Ill. Aug. 13, 2012) (Tharp, J.). But here, the question is not whether Weinberg should be covered in for something arising from activities beyond carpentry, but whether Delta is a Named Insured at all under the policy. The business description does not limit coverage alone, but is rather further evidence of the parties' intent. The additional description of Weinberg's business in his insurance application further suggests that he meant to attain coverage only for his construction business, not a separate real estate investment company.

Plaintiff asserts that the Court will fail to give meaning to the entire contract if it finds that Delta is not a Named Insured. First, Plaintiff appears to argue that if the Court finds that the Policy only covers Weinberg then it contradicts §§ II.1(c), (d) which define the Named Insured if the Declaration states that the insured is an LLC or "other organization." This is unpersuasive. Here, the Declaration clearly states that the insured is an individual. A plain reading of § II.1 yields that the subsections clearly correspond to the option types on the Declaration. *See Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 588-89 (7th Cir. 2012) (concerning a similar contractual provision wherein subsections applied only if an insured was an individual or a business, respectively). The remaining subsections have meaning if the corresponding box is checked on the Declaration; here, the parties simply did not check those boxes. Second, Plaintiff argues that finding Delta is not a Named Insured fails to give meaning to the second line of the insured box in the Declaration, reading "Amit Weinberg / Delta real estate investments." But as explained above, the only logical way to read the contract as a whole is to find that only Weinberg and businesses he

6

solely owns are covered by the Policy.[3] The reference to Delta in the Declaration can be viewed as containing an implied 'with reference to'—in other words, that Weinberg sought coverage for himself, a sole proprietor, related to work he was performing for Delta.

Ultimately, while the insurance contract interpreted today may be inartfully drafted, it is clear that Delta is not a Named Insured under the policy. Plaintiff's motion for summary judgment is thus denied. Defendants' motion for summary judgment is granted in part and denied in part. The Court finds that Delta is not a Named Insured, but as the parties have agreed not to brief whether Delta is an Additional Insured, the Court is unable to dispose of the entirety of Plaintiff's claim at this time.

IT IS SO ORDERED.

Date: 9/28/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

---

[3] Even if the parties had *intended* to include Delta as a Named Insured (which the Court today finds they did not), the Court questions whether the parties would have had the *authority* to bind Delta to a contract to which it was seemingly not a party.